**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **DIAMANTINA CHAVARRIA and DANTE GONZALEZ** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. L- 03-96** |
| **DESPACHOS DEL NOTRE, INC., LEOPOLE GARZA BENAVIDES, and HUMBERTO GARZA** | § | |
| **Defendants.** | § | |

**WRITTEN OPINION AND ORDER**

Pending before the Court are Defendants [1] Despacho Del Notre Inc., Leopole Garza Benavides and Humberto Garza's Motion for Summary Judgment (Docket No. 35), filed on December 3, 2004; Plaintiffs[2] Diamantina Chavarria and Dante Gonzalez' Response[3] to that motion (Docket No. 39), filed on January 10, 2005; and Defendants' Reply Brief in Support of Summary Judgment filed on January 26, 2005. Contained within Defendants' Reply Brief is an objection to any summary judgment evidence that references Lucy Ornelas' age and disability discrimination claim against the Defendants.

When originally filed, this action included Lucy Ornelas as a Plaintiff. On August 24, 2004, the Court severed Ms. Ornelas' claims from the claims of these Plaintiffs' because "their claims did not arise out of the same, transaction, occurrence or series of transactions or occurrences." (Docket

[1] The Defendants are the corporation, Despachos Del Norte Incorporated; its founder, Leopold Garza Benavides; and former General Manager, Humberto Garza.
[2] The Plaintiffs are former employees of the Company.
[3] The response, while referencing numerous exhibits, failed to include those exhibits. Accordingly, such exhibits are not properly before the Court.

No. 32). Lucy Ornelas'claim is now docketed under Case No. L: 04-CV-122. Defendants' Motion for Summary Judgment was filed on December 3, 2004, after Plaintiff Ornelas' claim had been severed. Thus, the only summary judgment evidence before the Court is that which was filed in this case. Any evidence filed in Case No. L-04-CV-122 will not be admitted or considered herein. Defendants' objection to the Court's consideration of any evidence referencing Lucy Ornelas' claims is hereby GRANTED.

After careful consideration of the motions, the properly filed summary judgment evidence and the applicable law, the Court finds for the reasons enumerated below, that Defendants' Motion has merit and it is GRANTED.

## I. Background/Procedural History

Plaintiffs Diamantina Chavarria and Dante Gonzalez were both long-time employees of Despachos Del Notre Inc., (hereinafter "the Company"), a small Laredo based custom brokerage company that provides import and export services across the US-Mexico border.[4] Plaintiff Chavarria was employed in the Company's traffic department for approximately twenty-five years. Plaintiff Gonzalez was an employee of the Company for approximately twenty-seven years and at the time of his termination in 2001, he was the supervisor of the Pediemento Department. Leopold Garza Benavides, one of the named defendants in this lawsuit, founded the Company in 1951. Despachos Del Norte experienced financial difficulties in 2000 and posted a net loss of over $25,000 for that year. In 2001, the Company experienced net losses of over $170,000. Based on their financial situation, the Company reduced the number of its employees. The Company closed its transportation department and terminated eight employees in May 2001. The Company further reduced its

[4] The facts in the factual background are taken from the pleadings of the parties. The majority of the facts set forth in this section are undisputed. Where the facts are disputed, they are immaterial or do not raise a fact issue that would preclude summary judgment.

workforce in September 2001. Plaintiffs were laid off in this second wave of reduction in work force.

Plaintiffs Chavarria and Gonzalez, along with Ornelas, filed a lawsuit in July 2003 against the Defendants alleging that they were terminated because of their age, in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621-634 and its state analog, the Texas Commission on Human Rights Act (TCHRA). Plaintiffs also asserted a claim for intentional infliction of emotional distress (IIED). As previously noted, on August 24, 2004, the Court severed the third Plaintiff's claim into a separate action and retained Plaintiffs Chavarria and Gonzalez in this action.

Plaintiffs' Motion for Summary Judgment seeks Summary Judgment as to Plaintiffs' ADEA and TCHRA claims, as well as Plaintiffs' IIED claims.

## II. Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986) (internal quotations omitted); *See also Lujan v. National Wildlife Federation Inc.,* 497 U.S. 871, 888 (1990); *Innovative Database Systs. v. Morales*, 990 F.2d 217 (5th Cir. 1993); FED. R.CIV.P.56(C). However, if the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of a claim on which she bears the burden of proof at trial, summary judgment must be granted for the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

The moving party bears the initial burden of demonstrating and identifying those portions of the record that reveal the absence of a genuine issue of material fact. *See Lynch Properties, Inc. v. Potomac Inc. Co. of ILL.,* 140 F.3d 622, 625 (5th Cir. 1998). If that threshold is met, the nonmovant must designate specific facts that show a genuine issue of material fact exists for trial. *See Lujan,* 497 U.S. at 888; *See also Hightower v. Texas Hosp. Assn*., 65 F.3d 443, 447 (5th Cir. 1995). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial." *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). In determining whether there is a dispute as to any material fact, the Court considers all of the evidence in the record, but it does not make credibility determinations or weigh the evidence. *See St. David's Health Care Sys. v. United States*, 349 F.3d 232, 234 (5th Cir. 2003); *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Instead, the Court must "draw all reasonable inferences in favor of the nonmoving party…." *See Reeves*, 530 U.S. at 150. A dispute over a material fact is a genuine issue for trial if, based on the evidence, a reasonable jury could return a verdict in favor of the nonmoving party. *See Kee v. City of Rowlett, Texas*, 247 F.3d 206, 210-11 (5th Cir. 2001), *cert. denied*, 122 S.Ct 210 (2001). If taken as a whole, the record could not and would not lead a reasonable jury to find for the non-moving party, then there is no genuine issue for trial. *See Friou v. Phillips Petroleum Co.*, 948 F.2d 972, (974) (5th Cir. 1991)

**III. Analysis**

The ADEA[5] makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges

[5] Plaintiffs also assert an age discrimination claim against the Defendants under the Texas Commission on Human Rights Act (TCHRA), which is evaluated within the same burden-shifting analytical framework as the ADEA. *See Bodenheimer*

of employment, because of such individual's age." 29 U.S.C. § 623(a) (1998). Plaintiffs may prove that they were intentionally discriminated against using either direct or circumstantial evidence. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *accord Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213 (5th Cir. 1995). However, since direct evidence is rarely available in such cases, the Supreme Court has developed a burden-shifting approach, set out in the seminal *McDonnell Douglas* case, which enables plaintiffs to make their claim of discrimination using circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792.[6]

Pursuant to this burden shifting approach, Plaintiff must create an inference of discrimination by initially establishing a *prima facie* case of discrimination. *See Reeves*, 520 U.S. at 142; *See also Russell*, 235 F.3d at 222 (citing *McDonnell Douglas,* 411 U.S. at 802); *See also Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-253. Once established, this *prima facie* case raises a rebuttable presumption that discrimination occurred. *Id*. The burden of production then shifts to the defendant employer, who must articulate a legitimate non-discriminatory reason for his employment decision. *See Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001). An employer meets this burden by proffering admissible evidence of a legally sufficient explanation that justifies a judgment in his favor. *See Bodenheimer v. PPG Indus., Inc*, 5 F.3d 955, 957 (5th Cir. 1993). If the employer defendant provides a legitimate reason, in order to defeat summary judgment, the plaintiff must demonstrate that the defendant's reason is a pretext for discrimination. *See Evans*, 246 F.3d at 350.

As a threshold matter, plaintiff must establish a prima facie case of discrimination to proceed further with the rest of the burden shifting analysis. If a defendant files a motion for summary

---

*v. PPG Indus., Inc.,* 5 F.3d 955, 957 (5th Cir. 1993); *Specialty Retailers, Inc., v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996). All analysis to the ADEA claim are also applicable to the TCHRA claim.

[6] Although McDonnell Douglas is a Title VII case, the Fifth Circuit has held that this burden-shifting framework is applicable to ADEA cases. *Woodhouse v. Magnolia Hosp*., 92 F. 3d 248, 252 n. 3 (5th Cir. 1996); *see also Bauer v. Albemarle Corp*., 169 F.3d 962, 966 (5th Cir. 1999); *Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001).

judgment and the Court finds that the plaintiff has not established his prima facie case, the Court must grant that motion. *See Eugene v. Rumsfeld,* 168 F. Supp. 2d 655, 670 (5th Cir. 2001).

**A. Prima Facie Case**

As previously noted, Plaintiff has the initial burden of establishing a *prima facie* case of discrimination.[7] *See St Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). The requirements for establishing a *prima facie* case of discrimination vary slightly depending on the type of claim brought. *See McDonnell Douglas,* 411 U.S. at 792. In this instance, Defendants classify this case and analyze the facts utilizing the Reduction in Workforce (hereinafter RIF) paradigm. However, on the very first page of their Response to the Defendants' Motion, Plaintiffs describe the termination as an "alleged layoff." Indeed, Plaintiffs aver that they were "replaced by a person outside their protected class." However, Plaintiffs seemingly contradict themselves and subsequently refer to the standard for proving a "prima-facie case of age discrimination in a reduction in workforce or job elimination…" and then proceed with the analysis under the Fifth Circuit's RIF framework. *Id.* Despite the reference to "alleged layoff," Plaintiffs acquiesced to Defendants characterization of the facts and analyzed the facts within the RIF framework. As such, the Court will analyze the facts of this case within that same framework.[8]

---

[7] Despite the burden-shifting framework, the Supreme Court and the Fifth Circuit have repeatedly stated that the ultimate burden of persuading the trier of fact remains with the plaintiff at all times. *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25, n.2, *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253(1981); *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

[8] The Court finds that Defendants have presented sufficient evidence to establish that Plaintiffs were terminated in a RIF. Defendants' tax returns showing the huge and consistent losses from 1998 through 2002, (Tab 3 of Defendants' Exhibits) evidence that eight employees were terminated initially in May 2001 and another six in September 2001, (Letter to U.S. Equal Employment Opportunity Commission dated Oct. 18 2001 from Defendants; *See also* Garza Dep. at 105-106, Tab 4, all indicate that the Company was in trouble financially. Since the Company is relatively small , with 99 employees in 2001, 13 employees represent a significant reduction in its workforce.

The Fifth Circuit has stated that in a RIF case, a *prima facie* case is established by evidence that: "(1) the plaintiff is within the protected age group under the ADEA; (2) he or she is adversely affected by the employer's decision; (3) he or she was qualified to assume another position at the time of the discharge or demotion; and (4) evidence either circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *See Woodhouse v. Magnolia Hosp*., 92 F.3d 248, 252 (5th Cir. 1996); *See also Nichols v. Loral Vought Sys. Corp., 81 F. 3d 38, 41* (5th Cir. 1996). As to the fourth element, plaintiffs must present some evidence that the employer did not treat age neutrally. *See Amburgey v. Cohart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir. 1991). The evidence must specifically lead a fact finder to conclude that either the defendant consciously refused to relocate the plaintiff or retain the employee as a result of his or her age or regarded age as a negative factor when making its determination as to who would be terminated in the RIF. *Id.* Only a minimal showing is necessary to meet the burden of establishing a *prima facie* case of age discrimination. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq; *See also Nichols,* 81 F.3d 38, 41.

In this instance, it is undisputed that Plaintiffs Chavarria and Gonzalez were both over the age of forty at the time of the RIF. It is also undisputed that both these parties were terminated in the RIF and as such were adversely affected by the Defendants' employment decision. Very easily, the Plaintiffs have satisfied the first two elements of establishing the *prima facie* case of discrimination.

The Defendants maintain that the Plaintiffs have failed to establish a prima facie case of age discrimination because they cannot show that they were qualified to assume another position at the time of the RIF. Additionally, Defendants contend that Plaintiffs have not established the fourth element since they have not produced any evidence that indicates age factored into the decision to terminate the Plaintiffs.

With regard to the third element, Defendants have submitted unrebutted evidence that the company was in trouble financially. *See* Vela Aff. Tab 2; *See also* Despachos 1999-2002 Tax Returns, Tab 3. Additionally, Defendants terminated eight employees in May of 2001 and another six in September 2001, of which the Plaintiffs were a part. The uncontroverted evidence submitted by the Defendants establishes that at the time of the RIF, no other positions were available for these Plaintiffs. Plaintiffs, along with other terminated employees, were informed that they were being laid off because of the lack of work. Chavarria Dep. p. 53, Tab 7. The RIF was Defendants' attempt to reduce expenses and resuscitate the Company.

Plaintiffs in other cases have successfully established this third element of the *prima facie* case by arguing and presenting evidence that indicated that although they were better qualified, younger employees were considered for transfers and other positions while they were not. *See Hopson v. E-Systems Inc*., 1997 WL 457511(N.D. TEX). In this case however, everyone selected for the RIF was terminated and no one was transferred. As to the employees retained by the Company, Plaintiffs did not assert or present any evidence that Plaintiffs were better qualified for the job or performed better than the younger employees retained. In fact, both Plaintiffs in their respective depositions stated that the retained employees were good and honorable people. Chavarria Dep. p. 42-44, Tab 7; Gonzalez Dep. p. 32-34, Tab 9. Conceivably, Plaintiffs could have retained their position if seniority and experience were the determinative factors the Company used to determine which employees should be terminated in the RIF. However, the Fifth Circuit has held that employers are not required to "bump" younger employees to make room for older and more experienced employees. *See Walther v. Lone Star Gas Com.,* 977 F.2d 161, 123 (5th Cir. 1992). The Court finds that Plaintiffs have not established the third element of their prima facie case. While

the Court can end its inquiry at this juncture, the Court will consider whether the Plaintiffs have established the fourth element of the *prima facie* case.

Plaintiffs' evidence consists of their own testimony that they were discriminated against and terminated because of their age. However, Plaintiffs rely on unsubstantiated evidence and conclusory statements, which does not prove that age was a factor in the Company's decision. Plaintiff Chavarria stated that prior to being let go in September 2001, she was aware that the company had terminated eight employees in May of that year because of the reduced workload. Chavarria Dep. p. 53, Tab 7. She stated that when she was terminated, she was told that it was because of the very light workload. *Id*. Plaintiff Chavarria uses catch phrases like "unjustified release or separation" and testified that she was terminated because "I was oldest". *Id* at 57. However, she modified this statement when confronted with the fact that an older employee was retained in the trafficos department, her department prior to her termination. *Id*. When asked why she believed that she was terminated because of her age, Plaintiff Chavarria simply reiterated "because it's very obvious." *Id.* Plaintiff Chavarria also points to the EEOC investigation as proof that she was discriminated against.[9] The findings of the EEOC are not properly before the Court. However, even if they were properly before the Court, the Court is not persuaded that a letter from the EEOC investigator raises an issue of material fact as to this element.

---

[9] Rarely has the issue of use of EEOC reports and determinations been discussed in a summary judgment context. The case law on the EEOC's reports focus mostly on their availability and admissibility at trial. Nevertheless, in a recent opinion that dealt directly with the use of EEOC's Reports in the summary judgment context, the Tenth Circuit held that a favorable determination letter regarding a claim of race-based failure to promote would not necessarily defeat a motion for summary judgment filed by the employer. See, *Bynum v Fort Worth Indp. School Dist*., 41 F. Supp 2d 641, 657 (citing *Simms v Oklahoma ex rel. Dep't of Mental Health*, 165 F. 3d 1321). The Court explained that, "when the independent facts before the district court judge fail to establish a genuine issue of material fact, a favorable EEOC letter of determination does not create one."*Id*. If the summary judgment record independent of the letter of determination does not raise an issue of material fact that would prevent the grant of summary judgment, the Court is not persuaded that it should treat a favorable EEOC investigation and letter of determination as creating an issue of fact.

When Plaintiff Chavarria was fired, five positions remained in the traffic department. Three of those positions were held by people younger than Plaintiff Chavarria. However, two positions were held by people older than Plaintiff Chavarria. Although the retention of two older employees is not dispositive, that fact, combined with a lack of any other specific facts or incidents that show age was a factor or a consideration, leads the Court to find that Plaintiff Chavarria has not established the fourth element of her *prima facie* case.

To support his claim, Plaintiff Gonzalez stated that he believed that a younger employee, Victor Vallejo, was brought in approximately three months before his termination to replace him. Plaintiff Gonzalez stated that he believed Mr. Vallego was his replacement because Mr. Vallejo was taken to management meetings and other training courses. Gonzalez Dep. p. 35, Tab 9. However, Plaintiff Gonzalez was not proscribed from attending training courses. Gonzalez Dep. p. 39, Tab 9. Since Plaintiff Gonzalez was not proscribed from attending training sessions, allegations that Mr. Vallejo went to training sessions and management meetings does not by itself indicate that Mr. Vallejo was brought in to replace Plaintiff Gonzalez. Plaintiff Gonzalez also testified that he believed that Ms. Vela, (one of the current owners of the Company) liked younger people better than older people. *Id.* at p. 53 He suggests this was apparent when she hired Mr. Vallejo and was also evident because all the layoffs were of older people.   The mere fact that the Company hired a younger employee some three months before Plaintiff Gonzalez was dismissed is insufficient to show that the company intended to discriminate in the RIF. Additionally, Plaintiff testified that before 2001, the Defendant had many long-term employees who were over the age of forty. *Id*. at p. 61.  If a disproportionate amount of a Company's workforce is over the age of forty, then it is expected that a disproportionate number of employees over the age of would be laid off in that Company's RIF.

Plaintiff Gonzalez's subjective belief that Mr. Vallejo was his replacement is not enough to establish the fourth element of his *prima facie* case. He does not allege any specific facts, incidents or conversations with management which would lead him and the Court to conclude that Mr. Vallejo was his replacement or would lead the Court to conclude that age was a determinative factor leading to Plaintiff Gonzalez's termination. Plaintiff Gonzalez also points to the EEOC investigation as proof that he was discriminated against.[10] As previously stated, the findings of the EEOC are not properly before the Court. However, even if they were properly before the Court, the Court is not persuaded that a letter from the EEOC investigator raises an issue of material fact as to this element.

Construing all inferences and evidence in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have not established their *prima facie* case and have not met their required burden for the Court to proceed further with the burden-shifting analysis. Defendants' Motion for Summary Judgment on Plaintiffs' ADEA claim is herby GRANTED.

## B. NON-DISCRIMINATORY REASON

However, even if the Court had found that the Plaintiffs had met their burden of establishing a *prima facie* case, Defendants have articulated a legitimate non-discriminatory reason for the employment action. The Court is not convinced that Plaintiffs can establish that Defendants' non-discriminatory reason is a pretext for discrimination. A RIF is a presumptively legitimate non-discriminatory reason that supports a termination action. *See EEOC v. Texas Instruments Inc.,* 100 F. 3d 1173, 1181 (5th Cir. 1996). Defendants presented evidence that business conditions made it necessary to reduce its workforce. The burden now shifts back to the Plaintiffs to establish that the non-discriminatory reason articulated by the Defendants is a pretext. To show that an explanation is a pretext, Plaintiffs must offer significant probative

[10] Id.

evidence that creates a reasonable inference that discrimination was the determinative factor. *See Roberson*, 1997 WL at * 2. A plaintiff's subjective belief of discrimination alone does not warrant judicial relief. *See Auguster v. Vermillom Parish Sch. Bd.*, 249 F. 3d 400, 403 (5th Cir 2001).

Plaintiffs point to statistical evidence, which they contend, revealed that a majority of the people terminated were older, hereby proving that Defendants reason is a pretext. Appellate Courts including the Fifth Circuit have stated that while statistical evidence "may be probative of pretext in limited circumstances," it "usually cannot rebut the employer's articulated nondiscriminatory reasons." *See Texas Instruments,* 100 F.3d at 1184-85 ("[P]roof of pretext, hence of discriminatory intent, by statistics alone, would be a challenging endeavor.") (citing *Walther,* 977 F.2d at 162); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 848 (1st Cir.1993) ("[A] company's overall employment statistics will have little direct bearing on the specific intentions of the employer when dismissing a particular individual.").[11]

Plaintiffs also attempt to prove pretext with statistical evidence but the evidence is unpersuasive. Plaintiffs themselves admitted in their respective oral testimony that before 2001, the Company had a large number of long–term employees who were over the age of forty. The Court has already stated that even if the statistical evidence submitted is true and a large number of the employees in the RIF are over the age of forty, this evidence is not necessarily proof of age discrimination or proof that age was a factor in the Company's decision. If people over the age of forty are highly represented in a company, then it is quite predictable that the number of people over

[11] The Court has considered the recent Supreme Court decision in *Smith v. Jackson*, 2005 WL 711605. However, that decision does not change the analysis and outcome in this case. Plaintiffs have not alleged a disparate-impact claim under the ADEA. However, even if they had, they have not set forth a valid disparate–impact claim. It is not enough to simply allege that there is a disparate impact on older employees or even point to a general policy that leads to such an impact. They have not, as required by *Watson*, identified specific tests, requirements or practice that are allegedly responsible for the disparity. *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 994.

the age of forty that are laid off in a RIF will also be high. This evidence is not substantially probative to withstand summary judgment. The Court is not convinced that Plaintiffs have presented evidence from which a factfinder could conclude that Defendants' non-discriminatory reason is false and a pretext for discrimination.

**IV. TCHRA**

As already stated, the TCHRA is evaluated within the same burden-shifting analytical framework as the ADEA. *See Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). Utilizing that same burden-shifting framework, the Court finds that Plaintiffs have not met their burden of establishing a prima facie case and cannot survive Defendants' Motion for Summary Judgment. Defendants Motion for Summary Judgment on Plaintiffs' TCHRA claim is hereby GRANTED.

**VI. Intentional Infliction of Emotional Distress**

For a plaintiff to recover damages for intentional infliction of emotional distress pursuant to Texas law, he must establish that "1) the defendant acted intentionally or recklessly; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's actions caused the plaintiff emotional distress and 4) the resulting emotional distress was severe." *See Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *See also Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). For conduct to be considered "extreme" and "outrageous", the Texas Supreme Court has stated that it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Twyman*, 855 S.W.2d at 621. Ordinary employment decisions, although

unpleasant and maybe even unfair, do not rise to the level of extreme and outrageous conduct. *See Hoffman*, 144 S.W. 3d at 445. Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct. *See Natividad v. Alexis*, *Inc*., 875 S.W.2d 695, 699 (Tex. 1994). Similarly, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct. *See Porterfiled v. Galen Hosp. Corp*., 948 S.W.2d 916, 920 (Tex. App.—San Antonio 1997, writ denied). Texas courts have repeatedly held that a claim for intentional infliction of emotional distress does not lie for ordinary employment disputes. *See Miller v. Galverston/Houston Diocese*, 911 S.W. 2d 897, 900-01 (Tex.App.--Amarillo 1995, no writ); *See Porterfield*, 948 S.W.2d at 920-21, *See also Johnson v. Merrill Dow Pharms., Inc*., 956 F.2d 31, 34 (5th Cir, 1992). They hold that only in the most unusual of employment cases does the conduct move out of the "realm of an ordinary employment dispute" and into the classification of extreme and outrageous as required for the tort of intentional infliction of emotional distress. *See Porterfield*, 948 S.W.2d at 920-21; *See also Humphreys v. Medical Towers, Ltd*., 893 F.Supp. 672, 681 (S.D. Tex. 1995)

Here, Plaintiffs have not alleged or established behavior that would reach the level of “extreme” and “outrageous” conduct that would allow them to recover for intentional infliction of emotional distress. Plaintiffs’ termination was obviously unpleasant for them and may have caused them hardship but no testimony has been presented that would lead the Court to find that Defendants acted in an outrageous manner. Therefore, the Court GRANTS Defendants’ Motion for Summary Judgment on Plaintiffs’ intentional infliction of emotional distress claims.

## V. Conclusion

Plaintiffs have failed to establish a *prima facie* case and have failed to present sufficient evidence to defeat Defendants' Motion for Summary judgment. Additionally, Plaintiffs have not presented sufficient facts for the Court to find that they have established a claim for intentional infliction of emotional distress. As such, Defendants' Motion for Summary Judgment on Plaintiffs' ADEA claims; Defendants' Motion for Summary Judgment on Plaintiffs' TCHRA claims; and Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claims are hereby GRANTED and the case is DISMISSED WITH PREJUDICE. Also, Defendants' request for cost is hereby DENIED.

IT IS SO ORDERED.

Done this 22nd day in June, 2005 in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**